## AFFIDAVIT OF ROBERTO ALVAREZ

STATE OF FLORIDA        )
                        )  S.S.:
COUNTY OF MIAMI-DADE    )

My name is ROBERTO ALVAREZ I am over eighteen years of age; I reside in the United States, and I have personal knowledge of the matters set forth herein.

1. As to paragraph 1, admitted.

2. As to paragraph 2, admitted that an 18% service charge was automatically added to each customer's bill for all of the customers Plaintiff served and the customers of the other waiters who worked for Defendants. Denied as to the remaining statement of fact that a customer could not choose not to tip as this is a mischaracterization of Plaintiff's Deposition Transcript.

3. As to paragraph 3, admitted that Plaintiff always received a portion of the 18% service charge that was added to every customer bill and as this is a mischaracterization of Plaintiff's Deposition Transcript. Admitted that the other waiters, I, and the busboys would put all of the cash received by customers into the same cash register however denied that at the end of the shift the waiters and I would count the money and then divide 18% of the gross sales for the shift among ourselves.

4. As to paragraph 4, admitted that money paid by customers above the 18% would be distributed among the waiters and busboys. Admitted that sometimes the extra money above the 18% was put back in the cash register and sometimes it would be put in a jar and would be included in the amount divided at the end of the shift between the waiters and busboys. Admitted that the amount of money above the 18% was minimal. Denied as to the remaining statement of fact.

5. As to paragraph 5, admitted.

Page 1 of 5


Roberto Alvarez

6. As to paragraph 6, denied as phrased. Denied that the individual Defendant occasionally took a percentage of the 18% charge as the individual Defendant **always** took a percentage of the 18% charge however admitted that the individual Defendant always took an arbitrary amount of money. The remainder of the statement of fact is admitted.

7. As to paragraph 7, denied as phrased. See below regarding individual Defendant, Debra Barrientos, physical taking of cash money tips from the tables.

8. To my knowledge, during the time that I worked for Defendants a customer did not refuse to pay the 18% automatic charge, however, this does not mean that the customer could not choose to tip. As this did not occur during the time that I was employed by Defendants, I am unsure if a customer had requested to not be charged the 18% if Defendants would have agreed to remove the charge.

9. The other waiters and I would put all of the cash received by customers into the same cash register throughout our shift or we would put the monies received over and above the 18% charged to the customer in a jar/on the side. Then at the end of the shift, we would print out the report from the cash register and it would reflect the total amount of vendors/customers, the amount of "gratuity"/the 18% charged to the customer, taxes, and the total sales. We would then take the amount of "gratuity"/18% in cash out of the cash register and the amount of monies that we received over and above the 18% charged to the customer in a jar/on the side and we would add it all together. We would then divide the total amount of money by the total amount of waiters and busboys, including the monies received over and above the 18% charged to the customer in a jar/on the side. However, Defendants would then request an arbitrary amount from the waiters and the busboys to be returned to her and give the other waiters, busboys, and I the remaining amount split evenly among us. I would then put the money in my pocket and after

R.A.  Roberto Alvarez

Defendants had given us this money at the end of our shift, which included monies received over and above the 18% charged to the customer in a jar/on the side, separate and apart from this money that Defendants requested be returned, Defendants would then request an additional amount of money which Defendants would put in an envelope for "damaged" plates/glasses, etc., and I believe the remaining amount that Defendants took from me they thought they were entitled to said monies as an owner of the restaurant and that a portion of the monies retained was for withholdings, social security and Medicaid. However, Defendants failed to remit said payments to the Internal Revenue Service (IRS). From on or about May 1, 2014 through on or about August 11, 2015, Defendants retained approximately/on average $150.00 from my tips per week.

10. I never witnessed the individual Defendant, Debra Barrientos, take a calculator in order to determine a fixed percentage amount to be deducted from the money I received at the end of my shift as Defendants' claim they deducted a set amount to pay the "merchant fee."

11. Also, during the time that I worked for Defendants as a waiter, often I witnessed the individual Defendant, Debra Barrientos, walking around the restaurant and physically taking tip cash money left on the tables from customers. The individual Defendant would keep for herself the cash monies received over and above the 18% charged to the customers.

12. Defendants did not provide proper notice of tip credit policy and I have never seen the letter from Defendants' accountant saying I was a "tipped" employee until after it was provided by Defendants' attorney to my counsel, after the lawsuit was initiated. I never saw a letter and/or never was provided a letter that stated the employees minimum wage in Florida. Also, I was never paid overtime wages when I worked over 40 hours per week.

13. There was no poster anywhere on the premises reflecting the overtime and minimum

R.A  Roberto Alvarez

wage laws and/or tip credit.

14. At no point in my employment with Defendants was it explained to me by Defendants and/or by and through their agents (i.e. manager) that Defendants would credit my tips towards the minimum wages Defendants were required to pay me per hour.

15. Defendants had no system and/or policy in place to monitor the amount of tips I was receiving on a daily and/or weekly basis to ensure that I was being paid at least minimum wage per hour.

16. I did not know I was working for tips until I started my employment with Defendants and the individual Defendant, when I was hired, only told me that waiters and busboys shared the tips at the end of the shift.

17. Defendants failed to maintain time records and did not require me to keep track of the total hours I worked per shift.

FURTHER AFFIANT SAYETH NAUGHT.

DATED this 9 day of May, 2016.



_____
AFFIANT
ROBERTO ALVAREZ

R.A  Roberto Alvarez

The foregoing instrument was sworn to and subscribed before me, on this __9__ day of __May__, 2016, by ROBERTO ALVAREZ, who has produced - __Argentina ID__ as identification.

_____
NOTARY PUBLIC, State of Florida

**INTERPRETER'S ACKNOWLEDGEMENT:**

On the __9__ day of __May__, 2016, __Allyson Morgado__ who provided __Known to me__, affirmed that the foregoing was translated for ROBERTO ALVAREZ and that he fully understood and affirmed the contents of the foregoing.

_____
(Interpreter's signature)

_____
NOTARY PUBLIC / STAMP

Page **5** of **5**

R.A  Roberto Alvarez