UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23129-CIV-DPG

ROBERTO ALVAREZ and all others )
similarly situated under 29 U.S.C. 216(b), )
                                              Plaintiff, )
vs. )

LOCURA MARINA INC, )
JOSE VALERA, )
DEBRA BARRIENTOS, )

                                          Defendants. )
_____ )

**PLAINTIFF'S REPLY TO DEFENDANTS' REPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Plaintiff, through counsel, pursuant to Fed.R.Civ.P. Rule 56 and SDLR 7.5, and replies to [DE 50] as follows:

**MEMORANDUM OF LAW AND ARGUMENT**

A.    The Tip Credit.

The burden is on the Defendants to demonstrate they are entitled to the tip-credit. *See, Melton v. Round Table Restaurants, Inc.*, 1971 U.S. Dist. LEXIS 10887, *10 (N.D. Ga. 1971), *citing, Walling v. General Industries Co.*, 330 U.S. 545 (1947); *Wirtz v. C & P Shoe Corp.*, 336 F.2d 21 (5th Cir. 1964). In the case at bar, the defense is unable to fulfill its burden to demonstrate Defendants are entitled to the tip credit for the reasons set forth below and in Plaintiff's Motion.

Defendant Barrientos admitted Defendants had no system in place to track Plaintiff's tips, to ensure he was paid at least minimum wages for his hours. Barrientos Deposition (1/11/16), P41, L1-8. Plaintiff states in Para. 15 of his Affidavit that

1

"Defendants had no system and/or policy in place to monitor the amount of tips I was receiving on a daily and/or weekly basis to ensure that I was being paid at least minimum wage per hour."

With respect to time records, Barrientos claimed the sheet "unfortunately" shows the time that all personnel worked with the Plaintiff; Barrientos claimed that, to make it "easier" "all the employees would use" Plaintiff's code and even Barrientos herself would "input" the code.  As to Plaintiff, Barrientos testified "that he never did clock-in or clock-out".  Barrientos Deposition (1/11/16), P37, L2-23.  Thus, Plaintiff cannot be identified in the records because "other people used his number."  Plaintiff refers to his Motion on this point as to further detail.

Also, "[w]here management employees participate in a tip pool, the pool is invalid.  *See Ayres v. 127 Restaurant Corp.,* 12 F.Supp.2d 305, 308–09 (S.D.N.Y.1998) (tip pool violated FLSA where general manager, who had authority to suspend, hire and fire employees and analyze payroll costs, was allowed to participate in the pool)." *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 652 (N.D. Ill. 2007).  Plaintiff refers to further detail in his Motion, but reiterates that in Para. 11 of his Affidavit, Plaintiff states that "Also, during the time that I worked for Defendants as a waiter, often I witnessed the individual Defendant, Debra Barrientos, walking around the restaurant and physically taking tip cash money left on the tables from customers.  The individual Defendant would keep for herself the cash monies received over and above the 18% charged to the customers."  Such is another reason to disallow any tip credit in this matter.  See also Plaintiff's discussion in his Motion regarding, *Martin v. Tango's Restaurant, Inc., et al.,* 969 F.2d 1319 (1st Cir. 1992); *Reich v. Chez Robert, Inc.,* 28 F.3d 401, 404 (3rd Cir.

1994), *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294 (6th Cir. 1998) and *Chan v. Triple 8 Palace, Inc.,* 2006 WL 851749 (S.D.N.Y. 2006);  *Reich v. Chez Robert, Inc.,* 28 F.3d 401, 404 (3rd Cir. 1994), *citing, Bonham v. Copper Cellar Corp.*, 476 F. Supp. 98, 101-102 (E.D. Tenn. 1979).  As set forth in Plaintiff's Statement of Material Facts, Defendant Barrientos admitted at her first deposition that Defendants never had a poster posted at the location where Plaintiff worked, which made reference to tips.  Barrientos Deposition (1/11/16), P33, L21-25; P34.  Plaintiff states in Para. 13 of his Affidavit that "There was no poster anywhere on the premises reflecting the overtime and minimum wage laws and/or tip credit."  Also, Barrientos also answered "[n]o" when asked if Barrientos, her husband (i.e. Defendant Valera) or anyone else ever explained to the Plaintiff that his hourly wages were going to be credited in relation to the tips he received.  Barrientos Deposition (1/11/16), P34, L2-10.  *See* Plaintiff's Motion also regarding *Davis v. B&S, Inc.,* 38 F.Supp.2d 707 (N.D. Ind. 1998), and how the instant matter is distinguishable when compared to *Pellon v. Business Representations*, 291 Fed.Appx. 310 (11th Cir. 2008), with particular respect to the poster issue.

B. <u>The 7(i) Retail Exemption and Civil Theft Allegations.</u>

The Eleventh Circuit has long held that exemptions under the Fair Labor Standards Act are to be construed strictly and narrowly in favor of coverage of employees, affording maximum coverage to the employees due to the broad remedial purpose behind the Act.  *Nicholson v. World Business Network, Inc.,* 105 F.3d 1361 (11th Cir.  1997).  Presumably, this is why the Eleventh Circuit articulated the rule in *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251 (11th Cir. 2001) that employers must prove FLSA exemptions by "clear and affirmative" evidence.

3

Plaintiff refers to his Motion for purposes of brevity, but wants to highlight some points.  First, this exemption only deals with overtime, whereas the tip credit concerns a definitional credit in relation to minimum wages.  In order to be exempt from overtime payments of the Fair Labor Standards Act pursuant to the 29 U.S.C. 207(i), certain criteria must be met, and the first prong of 29 U.S.C. 207(i) states that "(1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 6 [29 USCS § 206]. [Emphasis added]." 29 C.F.R. 778.109 states:

> The "regular rate" under the Act is a rate per hour. The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived there from and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek, with certain statutory exceptions discussed in §§ 778.400 through 778.421. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. The following sections give some examples of the proper method of determining the regular rate of pay in particular instances: (The maximum hours standard used in these examples is 40 hours in a workweek). 29 CFR 778.109

Although the statute does not define "regular rate," the Supreme Court has stated that "the regular rate refers to the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424, 65 S. Ct. 1242, 1245, 89 L. Ed. 1705 (1945). The Department of Labor has adopted this definition and stated that the regular rate cannot be less than the minimum wage. 29 C.F.R. §§ 778.107, 778.108. *Wethington v. Montgomery*,

4

935 F.2d 222, 224 (11th Cir. Ala. 1991). As set forth *supra*, Defendants are not entitled to the tip credit as a matter of law. Although there is a dispute as to the number of hours (for example Plaintiff claims overtime damages), Defendant Barrientos was deposed a second time, and claims Plaintiff was paid $35 per day, divided by (6) hours, along with a "gratuity" based on a "certain percentage" charged to the customer. Barrientos Deposition (4/22/16), P4, L16-25. Such would equate to approximately $5.83 per hour which is less than the minimum wage rate. As stated, the regular rate cannot be less than the minimum wage. 29 C.F.R. §§ 778.107, 778.108. *Wethington v. Montgomery*, 935 F.2d 222, 224 (11th Cir. Ala. 1991). Barrientos also described the rate as $5.85, stated Plaintiff was paid in cash, and admitted that no records of the cash paid were kept. Barrientos Deposition (4/22/16), P4, P18, P25, L12-16. Plaintiff's position is that since Defendants are not entitled to the tip credit regardless, they cannot attempt to factor tips into the "regular rate" under 29 CFR 778.109 in relation to the relevant prong under the retail commission exemption. This issue may be impacted however depending on whether the Court or Jury considers the 18% to be a service charge. However, if such is found to be a "tip", Defendants do not appear to have pointed to any case law indicating that an amount credited towards tips counts toward the "regular rate" (and even if they did, as stated the Court should find that Defendants are not entitled to the tip credit regardless). [1]

---

[1] "Plaintiff correctly notes that under the FLSA, the **regular rate** of hourly pay is calculated by dividing an employee's paid wages by the number of hours worked per workweek. 29 C.F.R. § 778.109. Under this method, Plaintiff's regular rate of hourly pay was approximately $2.44 per hour. By contrast, under the NYLL, the regular rate of hourly pay is calculated by dividing an employee's paid wages by *the lesser of* 40 hours or the hours actually worked in that workweek. N.Y. Comp.Codes R. & Regs. tit. 12, § 146–3.5 (emphasis added). Under this method, Plaintiff's regular rate of hourly pay was

It does appear that Defendants have some contradiction in their theories in this case. During this litigation they argued the tip credit, and then late in the litigation the Court allowed Defendants to raise the 7(i) commission retail exemption. In their summary judgment motion, Defendants in [DE 31], at 3, cite case law where the court found no dispute that the service charge was non-negotiable. However, in the case at bar, Defendant was asked what the policy would be if the customer did not want to pay the 18 percent, and she stated, although such did not happen, "the customer was always right". Therefore, Defendant Barrientos admitted on direct examination that the customer did in fact have the option to remove the charge (**Barrientos stated "[o]f course"**)(emphasis added). Barrientos Deposition (4/22/16), P5, L1-24. Consequently, under *Nascembeni*, Defendant Barrientos admitted the customer did have discretion. During a large part of this litigation Defendants argued the tip credit, and then later they were permitted to raise the commission argument. Defendant Barrientos admitted during direct questioning that there was some level of discretion on the part of the customer if they wanted the charged removed. As stated *supra*, if Defendants are not entitled to the tip credit, and the 18% is classified as a tip, it does not appear such could be factored into the "regular rate", and regardless Defendants would not otherwise be entitled to the credit because they have not complied with the tip credit's various mandates.

---

$3.75 per hour. Plaintiff also correctly notes that this means that, in New York, "the employer is presumed to have paid no wages on hours in excess of forty[.]" (Errata for p. 7, lines 8–9.) *Galicia v. 63-68 Diner Corp.,* 13-CV-03689 PKC, 2015 WL 1469279, at *5 (E.D.N.Y. 2015)." (emphasis added). Plaintiff cites this case, to point out that in *Galicia* the court apparently did not find the "regular rate" to factor in the tip credited amount because the "regular rate" was at the tipped-employee rate of $3.75 per hour.

It does appear that Defendants have some contradiction in their theories in this case. During this litigation they argued the tip credit, and then late in the litigation the Court allowed Defendants to raise the 7(i) commission retail exemption. In their summary judgment motion, Defendants in [DE 31], at 3, cite case law where the court found no dispute that the service charge was non-negotiable. However, in the case at bar, Defendant was asked what the policy would be if the customer did not want to pay the 18 percent, and she stated, although such did not happen, "the customer was always right". Therefore, Defendant Barrientos admitted on direct examination that the customer did in fact have the option to remove the charge (**Barrientos stated "[o]f course"**)(emphasis added). Barrientos Deposition (4/22/16), P5, L1-24. Consequently, under *Nascembeni*, Defendant Barrientos admitted the customer did have discretion. During a large part of this litigation Defendants argued the tip credit, and then later they were permitted to raise the commission argument. Defendant Barrientos admitted during direct questioning that there was some level of discretion on the part of the customer if they wanted the charged removed. As stated *supra*, if Defendants are not entitled to the tip credit, and the 18% is classified as a tip, it does not appear such could be factored into the "regular rate", and regardless Defendants would not otherwise be entitled to the credit because they have not complied with the tip credit's various mandates.

---

$3.75 per hour. Plaintiff also correctly notes that this means that, in New York, "the employer is presumed to have paid no wages on hours in excess of forty[.]" (Errata for p. 7, lines 8–9.) *Galicia v. 63-68 Diner Corp.,* 13-CV-03689 PKC, 2015 WL 1469279, at *5 (E.D.N.Y. 2015)." (emphasis added). Plaintiff cites this case, to point out that in *Galicia* the court apparently did not find the "regular rate" to factor in the tip credited amount because the "regular rate" was at the tipped-employee rate of $3.75 per hour.

Defendants claim Plaintiff's Affidavit is a sham because in his Affidavit he states the following in Para. 9:

> I would then put the money in my pocket and after Defendants had given us this money at the end of our shift, which included monies received over and above the 18% charged to the customer in a jar/on the side, separate and apart from this money that Defendants requested be returned, Defendants would then request an additional amount of money which Defendants would put in an envelope for "damaged" plates/glasses, etc., and I believe the remaining amount that Defendants took from me they thought they were entitled to said monies as an owner of the restaurant and that a portion of the monies retained was for withholdings, social security and Medicaid. However, Defendants failed to remit said payments to the Internal Revenue Service (IRS). From on or about May 1, 2014 through on or about August 11, 2015, Defendants retained approximately/on average $150.00 from my tips per week.

First, such allegations in Plaintiff's Affidavit regarding the IRS, withholdings, social security, Medicaid and $150 have been known by the Defendants during this litigation (prior to Plaintiff's deposition) and were included in the First Amended Complaint filed on the docket with the respective motion on 12/8/15 [DE 16]. Plaintiff was deposed on 2/15/16, yet it does not appear that Defendants asked, during the deposition, pointed questions specifically about the IRS, withholdings, social security, Medicaid and the alleged $150.

Defendants are aware that Plaintiff was paid a cash day rate--Barrientos described the rate as $5.85, and Barrientos admitted that no records of the cash paid were kept. Barrientos Deposition (4/22/16), P4, P18, P25, L12-16.  Moreover, customers could give additional amounts (such as cash in the jar as discussed in Para. 9 of Plaintiff's Affidavit) along with the 18% added to the ticket.   Defendants do not offer Plaintiff's complete testimony on Page 4 of their Motion where they cite Plaintiff's deposition at 52:4-7. During Plaintiff's Deposition, P52, L4-13, Plaintiff said Defendant was stealing "[n]ot only [from the 18% added to the bill], but the 3 or $4 extra tips that we added to the

7

regular tips. So she took money from both things." The Eleventh Circuit has explained in *Lane v. Celotex Corp.*, 782 F.2d 1526, 1532 (11th Cir. 1986), that "we may only disregard an affidavit that 'contradicts, without explanation, previously given clear testimony.'"(*quoting Van T. Junkins & Assoc. v. U.S. Indus., Inc*., 736 F. 2d 656, 657 (11th Cir. 1984)). Thus, the Eleventh Circuit requires that a court find some inherent inconsistency between an affidavit and a deposition before disregarding the affidavit. Defendants claim Plaintiff's Affidavit is a sham because he testified that Defendant Barrientos allegedly did not explain why she was withholding money from the 18%. However, Plaintiff also received other cash payments in addition to the 18% (which also was paid in undocumented cash), and Defendants did not ask specific questions about the IRS, withholdings, social security, Medicaid and the alleged $150. Moreover, Plaintiff specifically testified about other monies Defendants took from him such as "taxes on deliveries", alleged damages to plates, tips forcibly shared etc. *See* Plaintiff Deposition, PP, 7, 8, 9, 19, 22, 31, and 30. In light of same, the Court should not find contradictions in the Plaintiff's testimony that would constitute a sham.

  Finally, to the extent the Court finds technical issues regarding Plaintiff's Affidavit for not using language such as "true and correct", Plaintiff would ask the Court to find harmless error as the Affidavit is signed and notarized. However, if necessary, Plaintiff would request to re-execute an amended affidavit as needed to correct same, but would request the Court not require same as it would delay these summary judgment proceedings (and the Affidavit would contain the same testimony that is already in the record).

## CONCLUSION

WHEREFORE, THE PLAINTIFF MOVES THE COURT TO GRANT PARTIAL SUMMARY JUDGMENT, AND FIND THAT DEFENDANTS ARE NOT PERMITTED TO ASSERT EITHER THE TIP CREDIT OR THE 7(I) RETAIL EXEMPTION.

Respectfully submitted,

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

BY:_____/s/ K. DAVID KELLY_____
K. DAVID KELLY, ESQ.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON 6/30/16 TO:**

**ALL CM/ECF RECIPIENTS**

**GARY ANDREW COSTALES, ESQ.**
**GARY A. COSTALES**
**1200 BRICKELL AVE, SUITE 1230**
**MIAMI, FL 33131**
**PH: 305-375-9510**
**FAX: 305 375 9511**

BY:__ /s/ K. DAVID KELLY _____
K. DAVID KELLY, ESQ.