## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (THIS "AGREEMENT") is entered into by and among LOCURA MARINA INC, including its representatives, attorneys, successors, and assigns, JOSE VALERA, including his heirs, representatives, attorneys, successors, and assigns, DEBRA BARRIENTOS, including her heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants"), and ROBERTO ALVAREZ, including his heirs, representatives, attorneys, successors, and assigns,(hereinafter referred to as "Plaintiff"), (hereinafter collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;
- Chapter 11A of the Miami-Dade County Code; and

___Roberto Alvarez

*LC* Locura Marina Inc
*JV* Jose Valera
*D.B* Debra Barrientos

- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *Roberto Alvarez and all others similarly situated under 29 U.S.C. 216(b) v. Locura Marina Inc, Jose Valera, and Debra Barrientos*, Case No.: 15-23129-CIV-DPGpending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the total sum of Twenty-Six Thousand Dollars and 00/100 Cents ($26,000.00) (the "Settlement Funds"), which shall be issued in one gross check to the "Trust Account of J.H. Zidell, P.A." and the check shall be delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, not later than ten (10) business days after Court approval. ~~The Parties shall file their Joint Motion for Court Approval not later than October 26, 2016.~~

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J.H. Zidell, P.A., and allocated as follows:

i. Plaintiff shall receive the total amount of Ten Thousand Five Hundred Eighty-Nine Dollars and 20/100 Cents ($10,589.20), of which One Thousand Dollars and 00/100 Cents ($1,000.00) represents alleged unpaid overtime and minimum wages, Two Thousand Dollars and 00/100 Cents ($2,000.00) represents alleged liquidated damages, and Seven Thousand Five Hundred Eighty-Nine Dollars and 20/100 Cents ($7,589.20) represents alleged damages associated with Plaintiff's remaining claims; and

ii. Plaintiff's Counsel shall receive the total amount of Fifteen Thousand Four Hundred Ten Dollars and 80/100 Cents ($15,410.80), of which Ten Thousand Four Hundred Dollars and 00/100 Cents ($10,400.00) represents attorneys' fees and Five Thousand Ten Dollars and 80/100 Cents ($5,010.80) represents costs in this litigation.

W-9s for Plaintiff's counsel must be provided to Defense counsel before any amounts are paid.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the parties shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice.

3. **Payment Default**. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Twenty-Seven Thousand Dollars and

___Roberto Alvarez

*LL* Locura Marina Inc
*JV* Jose Valera
*DB* Debra Barrientos

00/100 Cents ($27,000.00). In the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

4. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person.

5. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA or for civil theft, and expressly deny any and all such liability.

7. **Representation by Defendants**. Defendants represent that, as of the date that this Agreement is executed, they are not aware of any additional claims that they may have against Plaintiff and Defendants hereby certify that they have not filed any claim and do not intend to file any claims, demands, liabilities, and causes of action against Plaintiff for actions that occurred prior to the date of this Agreement, related to and/or involving Plaintiff's employment, other than claims to enforce this Agreement.

8. **Mutual Non Disparaging Remarks**. The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. A proven breach of this "Mutual Non Disparaging Remarks" provision will result in a penalty to be paid by the breaching party to the non-breaching party seeking to enforce this provision in the amount of Five Thousand Dollars and 00/100 Cents ($5,000.00) in addition to reasonable attorney's fees.

9. **No Re-Hire/No Reinstatement**. Plaintiff agrees to never apply for employment and/or seek independent contractor work with Defendants. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory. In consideration for the payments made by Defendants under this Agreement, and in light of the irreconcilable differences between the Parties, Plaintiff

___Roberto Alvarez

/e/ Locura Marina Inc
/V/ Jose Valera
/DB/ Debra Barrientos

acknowledges and agrees that he is not entitled to, and will not accept, reemployment or reinstatement of employment with Defendants.

10. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates, rates of pay, and position held by Plaintiff while working for Defendants.

11. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

12. **Dismissal of Lawsuit**. Plaintiff's Counsel shall file with the Court in the Litigation a Motion for Approval of the Parties' Settlement Agreement and Dismissal With Prejudice pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order.

13. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

16. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

___Roberto Alvarez

Locura Marina Inc
Jose Valera
Debra Barrientos

17. **Voluntariness**. Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

18. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

19. **Construction**. Plaintiff and Defendants have jointly participated in the negotiation of this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

20. **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

21. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

22. **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

ROBERTO ALVAREZ

By:_____
ROBERTO ALVAREZ

Date: _____

LOCURA MARINA INC

By: *[signature]*
Name: DEBRA BARRIENTOS
Title: OWNER
Date: 10-31-2016

JOSE VALERA

By: *[signature]*
JOSE VALERA

Date: 10-31-2016

\_\_\_Roberto Alvarez

∠ℭLocura Marina Inc
  ⌐ℐJose Valera
  ⅅℬDebra Barrientos

DEBRA BARRIENTOS

By: _/s/ Debra Barrientos_
DEBRA BARRIENTOS

Date: 10-31-2016

___Roberto Alvarez

/s/ Locura Marina Inc
/s/ Jose Valera
/s/ Debra Barrientos